IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL J. BOUSHON,

                         Plaintiff,                            OPINION AND ORDER

   v.

                                                            13-cv-403-wmc

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                         Defendant.

This case is actually plaintiff Michael J. Boushon's second request for judicial review of a final administrative decision of the Commissioner of Social Security finding that he was not disabled within the meaning of the Social Security Act. This court found in favor of plaintiff in *Boushon v. Colvin*, 11-cv-397-wmc, 2014 WL 2931066 (W.D. Wis. June 30, 2014), remanding to the Commissioner for further consideration of Boushon's *2006* disability claim. In this second lawsuit for judicial review pursuant to 42 U.S.C. § 405(g), Boushon seeks reversal not only of the Commissioner's decision denying his 2010 claim for Disability Insurance Benefits, but also the decision finding him ineligible for Supplemental Security Income. Boushon argues that the administrative law judge ("ALJ") erred when he failed to account for his limitations concerning concentration, persistence and pace ("CPP"). Because the same failure was found to require remand in the *first* action, this case will also be remanded to the Commissioner for rehearing.

1

FACTS

A. **Background**

This case involves the same plaintiff (Boushon) and the same defendant (Colvin, the Acting Commissioner of Social Security Administration) from the previous lawsuit. On June 30, 2014, this court reversed and remanded a decision denying Boushon's 2006 claim for Disability Insurance Benefits. *See Boushon v. Colvin*, 11-CV-397-WMC, 2014 WL 2931066 (W.D. Wis. June 30, 2014) ("*Boushon I*").[1] That claim required disposition of several underlying issues, including whether the ALJ erred by failing to: (1) consider the finding of a medical expert that Boushon had a listed impairment for twelve months; (2) properly assess the report of Dr. Kirkhorn; (3) give proper weight to his functional capacity evaluation; (4) find Boushon had a mental impairment that equaled Listing 12.05C; and (5) include limitations concerning concentration, persistence or pace in the hypothetical question to the vocational expert.

In *Boushon I*, this court found that the ALJ Kevin M. McCormick properly considered Dr. Kirkhorn's report and his functional capacity evaluation. This court also upheld the ALJ's finding that Boushon did not meet or equal a listed mental impairment. However, the court reversed the ALJ's finding that Boushon lacked a physical impairment that met Listing 1.04 by failing to consider the medical expert's opinion. Finally, the ALJ was found to have erred by not including Boushon's limitations in maintaining concentration, persistence and pace into the RFC or as a question to the vocational expert. The ALJ's decision was, therefore, reversed and remanded for rehearing.

---

[1] The court incorporates by reference the facts from that first lawsuit.

In this second action, Boushon seeks Supplemental Security Income, as well as Disability Insurance Benefits. While the request for SSI is an additional benefit that Boushon sought in 2010, but did not seek in 2006, the result is the same for the reasons that follow.

### B. 2012 ALJ Decision

In August 2010, Boushon filed a new application for disability and SSI benefits (AR 18). After the state agency denied the application initially and on reconsideration (AR 18), an ALJ (who was not the same one who heard Boushon's first claim) held an administrative hearing. At the May 2012 hearing, Boushon was represented by his current counsel (AR 34-61).

The following month, the ALJ issued a decision denying benefits (AR 15-29). In that decision, the ALJ concluded Boushon had a severe impairment of degenerative disc disease and a non-severe impairment of borderline intellectual functioning, which would not limit his ability to perform unskilled work (AR 20). The ALJ further found that Boushon did not have an impairment that met or medically equaled any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1. The ALJ ultimately found that Boushon retained the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), but was precluded from more than occasional climbing, stooping, bending, crouching, crawling or kneeling, required a sit/stand option so that he need not sit or stand for more than 30 minutes at a time and was limited to performing simple, repetitive tasks (AR 21).

At step four, the ALJ found that Boushon was unable to perform his past relevant work.  At step five, the ALJ relied on the vocational expert and based on his testimony, the ALJ concluded that, considering the claimant's age, education, work experience, and residual functional capacity, Boushon was capable of performing other work that existed in the national economy.  Accordingly, the ALJ held that Boushon was not disabled as defined under the statute (AR 29).

### C.  Medical Evidence

Because this second appeal is concerned only with Boushon's mental limitations, the court will review the medical evidence relevant to those limitations alone.  In May 2006, Boushon saw Stuart Waltonen, Ph.D., for a consultative psychological evaluation requested by the state agency (AR 428-35).  Boushon reported that he dropped out of high school in the tenth grade (AR 428).  Intellectual testing indicated that Boushon was in the borderline range of intelligence, with a full scale IQ score of 74 (AR 431).  With regard to Boushon's work capacity, Waltonen opined that he could remember and carry out simple instructions and respond appropriately to supervisors and coworkers (AR 432). In addition, if Boushon was experiencing pain, he opined that there could be some element of irritability that could interfere with some interpersonal contact, as well as his ability to attend and work at a reasonable pace (AR 432).

On June 14, 2006, state agency psychologist Roger Rattan completed a psychiatric review form for Boushon, finding that he had mental retardation (AR 444).  Mandli also found mild restrictions of activities of daily living, mild difficulties in maintaining social

4

functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation (AR 454).

In addition, Rattan completed a mental residual functional capacity assessment for Boushon, finding that he was moderately limited in the ability to: understand, remember and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; interact appropriately with the general public; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. (AR 458-59.)

On August 10, 2006, state agency psychologist Michael Mandli completed yet another psychiatric review form for Boushon, also finding that he had mental retardation (AR 469) and the same limitations with respect to activities of daily living, maintaining social functioning, concentration, persistence or pace, with no episodes of decompensation (AR 479). As had Rattan, Mandli also completed a mental residual functional capacity assessment for Boushon, confirming that he was moderately limited in the ability to follow detailed instructions, concentrate, perform activities within a schedule, interact appropriately with the general public, travel, and set realistic goals or make plans independently (AR 465-66).

OPINION

Disposition of this case is confined by what the court has held in *Boushon I*. In that action, Boushon argued that ALJ McCormick failed to account for his limitations in CPP before finding him able to perform unskilled work. In *Boushon I*, the court reviewed

5

controlling Seventh Circuit case law relevant to considering CPP limitations and the requirement that moderate to severe CPP limitations be incorporated into the ALJ's formulation of Boushon's RFC. In particular, the court noted that unless one of the exceptions apply (which they did not), a finding of simple, repetitive or unskilled work in the RFC determination does *not* adequately account for moderate limitations in CPP. *Id.* at *11.[2]

Ultimately, the court held that:

> [T]he ALJ does not indicate whether limitations in CPP found by the consulting psychologist were considered in determining that Boushon could perform unskilled work. There is also specific evidence in the record that Boushon's condition would "interfere with his ability to attend and work at a reasonable pace" (AR 432). Such limitations as to pace were also not incorporated into the RFC.

*Id.* Because the ALJ in the first action failed to properly account for Boushon's limitations, the court reversed and remanded the ALJ's decision. On remand, this court instructed that "the ALJ should expressly account for any limitations both in determining Boushon's mental residual functional capacity and in posing hypothetical questions to the vocational expert." *Id.*

In the present case, Boushon contends that ALJ Pleuss similarly failed to account for Boushon's moderate limitations in CPP. The court can appreciate that ALJ Pleuss

---

[2] *See generally Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); see also *Stewart v Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). The court also noted that limitations in CPP must be properly proposed to the vocational expert since failure to do so taints the substantiality of the evidence, requiring remand: *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir.2010).

may not have had the benefit of the first decision before ruling in the second action. Harder to understand is the Commissioner's failure to acknowledge that the result in *Boushon I* would seem to dictate the outcome here as well, involving as it does the same parties, the same evidence in suit *and* the same basic legal deficiency. Regardless, Boushon again relies on specific, undisputed medical evidence at AR 432 reporting that Boushon's condition would "interfere with his ability to attend and work at a reasonable pace."

Given that the same parties and identical evidence is being relied upon in this second action and that there were again *no* limitations in the ALJ's formulation of Boushon's RFC to account for his CPP limitations (particularly as to pace), the court can discern no reason why the doctrine of issue preclusion does not control.[3] *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995). More specifically, the following elements must be established: (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical. *See Flanigan*, 45 F.3d at 1050. Here, all four elements are met. Most

---

[3] While the court is yet to find a case where issue preclusion has been applied in the social security context, issue preclusion generally means "the binding effect of a judgment that forecloses litigation of an issue that has actually been litigated and decided in an earlier action." *Zip Dee, Inc. v. Dometic Corp.*, 886 F. Supp. 1427, 1435 (N.D. Ill. 1995). There is no reason why issue preclusion should not apply in the present context when it serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation" (*Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir.1994), quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)). As with claim preclusion, federal principles of issue preclusion apply where, as here, the earlier litigation took place in federal court. *See Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 525 (7th Cir. 1985).

importantly, the issue common to both the first and second suit is whether the ALJ properly accounted for Boushon's limitations in concentration, persistence and pace. Because disposition of that issue was necessary to the result in the previous action, application of issue preclusion is appropriate in this case.[4] Even if it were not, remand would be appropriate on this record for all the reasons laid out in *Boushon I*.

Because the defendant offers the court no reasons in equity, law or fact to distinguish this case from its decision in *Boushon I* on June 30, 2014, the case will be remanded to the Commissioner for rehearing, including whether Boushon should be entitled to Supplemental Security Income. After reviewing the briefing in the present case, the court also notes that on remand the ALJ should not only accommodate the deficiencies in CPP, but should address his findings at step two (that do not presently account for Boushon's apparently substantial mental limitations).[5]

ORDER

IT IS ORDERED that:

1. The decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, denying plaintiff Michael J. Boushon's application for Disability Insurance Benefits and Supplemental Security Income is REVERSED AND

---

[4] Claim preclusion may also be equally applicable in this case, except that the present case also involves a claim for SSI benefits, while the first action did not. Because of this, it is unlikely that claim preclusion applies in this case if SSI is considered as a separate claim.

[5] Certainly, there would appear more than enough evidence in the record to support a finding that Boushon's mental limitations are moderate, if not severe, based on the multiple limitations identified by the state and consulting examiners in this case (AR, 329, 339, 343, 351, 354, 364). *See generally* SSR 96–8p (the ALJ "must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved"); *see also Huber v. Astrue*, 395 Fed. Appx. 299, 302 (7th Cir. 2010).

REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

2. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 25th day of September, 2014.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge